UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INV ACCELERATOR, LLC,<br><br>                              Plaintiff,<br><br>-against-<br><br>VESTED INTEREST CO. D/B/A GOLDBEAN, MX TECHNOLOGIES, INC. and JANE BARRATT<br><br>                              Defendants. | Case No. 1:19-cv-02276-AJN |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND**

Plaintiff INV Accelerator, LLC ("INV" or "Plaintiff"), by its attorneys, Olshan Frome Wolosky LLP, respectfully submits this memorandum of law in support of its motion to remand the instant action to New York State Supreme Court pursuant to 28 U.S.C. § 1447(c) (the "Motion").

Preliminary Statement

Plaintiff commenced this action to recover damages arising from Defendants' breach of and tortious interference with an agreement between the parties through which Plaintiff agreed to host Defendant GoldBean in its Accelerator Program in return for GoldBean's issuance of a simple agreement for future equity. Despite the occurrence of qualifying events, Plaintiff never received the equity and/or cash payments it is entitled to under the parties' agreement.

GoldBean removed the action to this Court, invoking the Court's diversity jurisdiction by alleging that "the action is between citizens of different states." Remand is mandated, however, because complete diversity within the meaning of 28 U.S.C. § 1322(a) does not exist. As of the

time this action was commenced, GoldBean's principal place of business was in New York. Accordingly, GoldBean is a citizen of the same state as Plaintiff and, as a result, this Court lacks subject matter jurisdiction.

GoldBean is well aware that complete diversity does not exist, and thus knew better than to waste the Court's time and resources, force Plaintiff to incur legal fees and prolong this action by removing it. Therefore, the Court should remand this action to New York State Supreme Court and award Plaintiff its attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

<u>Factual and Procedural Background</u>

The facts set forth below are from the Complaint filed in this action on March 29, 2019 as well as the accompanying Declaration of Katelyn J. Patton (the "Patton Decl.") and the exhibits annexed thereto.

Plaintiff INV Accelerator, LLC is a New York limited liability company with its principal place of business in New York, New York. (Compl. ¶ 2.)

Upon information and belief, Defendant Vested Interest Co. d/b/a GoldBean ("GoldBean") is a Delaware corporation with its principal place of business in New York. (Compl. ¶ 3.)

Upon information and belief, Defendant MX Technologies, Inc. ("MX") is a Delaware corporation with its principal place of business in Utah. (Compl. ¶ 4.)

Upon information and belief, Defendant Jane Barratt is a citizen of Utah. (Compl. ¶ 5.) She is GoldBean's founder and former CEO. *Id.*

Plaintiff commenced this action on February 7, 2019, by filing a Summons with Notice in the Supreme Court of the State of New York, County of New York. (Patton Decl. ¶ 2.)

GoldBean filed a Notice of Removal on March 13, 2019, citing federal diversity jurisdiction as its basis.  (Patton Decl. ¶ 3, Ex. A.)  This Motion followed.

Argument

I

THE COURT SHOULD REMAND THIS ACTION
FOR LACK OF SUBJECT MATTER JURISDICTION

GoldBean has invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  While GoldBean is correct about the amount in controversy, its assertion that complete diversity exists is inaccurate as a matter of law.

The Court can exercise jurisdiction over this action if, and only if, the parties are diverse within the meaning of 28 U.S.C. § 1332(a), which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States …"

It is axiomatic that diversity jurisdiction will not lie unless "all of the adverse parties in a suit … [are] completely diverse with regard to citizenship."  *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998).  Moreover, "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete."  *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

For purposes of diversity jurisdiction, a corporation assumes the citizenship of both the state in which it is incorporated and the state of its principal place of business, whereas the citizenship of a limited liability company derives from the citizenship of each of its members.  *France v. Thermo Funding Co., LLC*, 989 F. Supp. 2d 287, 293–94 (S.D.N.Y. 2013); *Mills 2011*

3

*LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 220–21 (S.D.N.Y. 2013).  Here, Plaintiff's sole member, Royal News Corp., is a New York corporation with its principal place of business in New York.  (Patton Decl. ¶ 4.)  Thus, Plaintiff is a citizen of New York for purposes of determining diversity jurisdiction.  GoldBean is a citizen of both Delaware, its state of incorporation, and New York, the state where it has its principal place of business.

GoldBean alleges in its Notice of Removal that it is a citizen of Delaware, its place of incorporation, and Utah, the location of its principal place of business, for diversity purposes. But GoldBean intentionally misleads the Court:

- GoldBean is listed as an active corporation in the New York Department of State's Corporation and Business Entity Database.  (Patton Decl. ¶ 5, Ex. B.)

- GoldBean's "principal executive office" is listed in the New York Department of State's Corporation and Business Entity Database as 43 West 23rd Street, 6th Floor, New York, New York, 10010, which is also the address listed for GoldBean's CEO, Jane Barratt.  (Patton Decl. ¶ 5, Ex. B.)

- GoldBean's website, which was active as recently as March 21, 2019, lists its address as 43 West 23rd Street, 6th Floor, New York, New York, 10010.  (Patton Decl. ¶ 6, Ex. C.)  The website also lists its telephone number as having a New York area code, 347.  *Id.*

- GoldBean's Twitter account lists New York, NY as its location.  (Patton Decl. ¶ 7, Ex. D.)

- The registrant of the GOLDBEAN trademark is listed in the United States Patent and Trademark Office database as Vested Interest Co. with a New York, New York address.  (Patton Decl. ¶ 8, Ex. E.)

4

- According to the Utah Division of Corporations, GoldBean is not authorized to do business in the State of Utah.  (Patton Decl. ¶ 9, Ex. F.)

GoldBean's claim that its principal place of business is in Utah appears to be based on the fact that its former CEO, Jane Barratt, is now employed by MX.  But if Ms. Barratt indeed moved to Utah, she did so *not* as GoldBean's CEO, but rather as an employee of MX.  New York remains as GoldBean's principal place of business.

Accordingly, GoldBean is a citizen of Delaware and New York, and complete diversity as required by 28 U.S.C. § 1332(a) does not exist in this action.

II

THE COURT SHOULD AWARD PLAINTIFF ITS
LEGAL FEES AND COSTS

The Court should award Plaintiff the attorney's fees and disbursements it has incurred in bringing this Motion because GoldBean lacked an objectively reasonable basis for removal.  The statutory authority for this award is found in 28 U.S.C. § 1447(c), which provides in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

In *Martin v. Franklin Capital Corporation*, the United States Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal."  546 U.S. 132, 141 (2005).  The court expressly acknowledged Congress' "desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," *id.* at 140, and highlighted a party's "failure to disclose facts necessary to determine jurisdiction" as a factor affecting a court's decision to award attorney's fees.  *Id.* at 141.

In *Prescia v. United States Life Insurance Company in the City of New York*, this Court awarded to the plaintiff his reasonable attorney's fees and costs incurred with respect to his

motion to remand "because removal was predicated upon a diversity of citizenship that clearly does not exist."  No. 10-cv-2518, 2010 WL 4344561, at *3 (S.D.N.Y. Nov. 1, 2010) (internal quotations omitted).  As the court explained, "[e]ven the most basic of research would have revealed that this Court does not have jurisdiction over this action." *Id.*

Similarly, here, GoldBean clearly lacks an objectively reasonable basis for removing this matter on the stated basis of diversity of citizenship.  Such circumstances compel a conclusion that GoldBean removed this action "for the purpose of prolonging litigation and imposing costs on" Plaintiff rather than a good-faith basis.

## Conclusion

For the reasons set forth above, Plaintiff respectfully requests that the Court remand this action to New York State Supreme Court, issue an Order awarding Plaintiff the attorney's fees and costs it incurred in bringing this Motion, and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 29, 2019

                                      OLSHAN FROME WOLOSKY LLP

By: */s/ Katelyn J. Patton*
     Renée M. Zaytsev
     Katelyn J. Patton
     *Attorneys for Plaintiff*
     *INV Accelerator, LLC*
     1325 Avenue of the Americas
     New York, New York 10019
     (212) 451-2300