UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INV ACCELERATOR, LLC,

              Plaintiff,

    - vs -

VESTED INTEREST Co. et al.,

             Defendants.

No. 19 CV 2276 (AJN)

## VESTED INTEREST CO.'s MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Vested Interest Co. ("Vested Interest Co." or the "Company") respectfully submits this memorandum of law in opposition to Plaintiff's motion for remand. The motion should be denied because Vested Interest Co.'s principal place of business is in Utah.

### PRELIMINARY STATEMENT

As alleged, Plaintiff INV Accelerator, LLC ("INV") is a startup incubator. Defendant Vested Interest Co. is a now-defunct startup that was part of Plaintiff's "accelerator program."

Plaintiff claims that it was contractually entitled to payment when Vested Interest Co. was acquired. But Vested Interest Co. never entered the so-called "future equity" contract that Plaintiff purports to sue on; and Vested Interest Co. was never acquired.

Like its claims, Plaintiff's motion to remand is based on misapprehensions of critical fact. Vested Interest Co.'s principal place of business is in Utah, and has been so since before Plaintiff commenced the action. Diversity jurisdiction is therefore proper, and the motion to remand should be denied.

## PROCEDURAL HISTORY

Plaintiff commenced this action in New York state court on February 7, 2019 by filing a summons with notice. (*See* Notice of Removal, Exhibit A (Summons with Notice) (ECF Doc. No. 1-1).) Vested Interest Co. removed on the basis of diversity jurisdiction, (*id.* ¶¶ 11-17), and the only other defendant consented to removal, (ECF Doc. No. 6).[1]

Plaintiff moved to remand on the basis that diversity jurisdiction is lacking. (ECF Doc. No. 14 (Pl's Mem. of Law) (cited as "Mot.") at 1-2).) It asserts that "[a]s of the time this action was commenced, [Vested Interest Co.'s] principal place of business was in New York," (*id.* at 1-2), thus defeating diversity.[2] INV argues that Vested Interest Co. is "intentionally mislead[ing] the Court" and "wast[ing] the Court's time and resources" by invoking federal diversity jurisdiction. (*Id.* at 2, 4.)

## STANDARDS

A defendant may remove an action filed in state court to federal court "if the case originally could have been filed in federal court." *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (citing 28 U.S.C. § 1441(a).) Federal jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). "Where the basis of removal is diversity[,] diversity of citizenship must exist at the time the action was filed in state court as well as at the time of removal." *Odeon Capital Group, LLC v. Ackerman*,

---

[1] Plaintiff filed a complaint in the state court action on March 29, 2019, purporting to add claims against Vested Interest Co. founder Jane Barratt. (*See* ECF Doc. No. 15.) Plaintiff has yet to file a complaint in this federal action, or to serve Barratt with its state-court complaint. Vested Interest Co. submits that Barratt's joinder is irrelevant to the jurisdictional analysis: Plaintiff concedes that Barratt is a citizen of Utah, (Compl. ¶ 5), and therefore diverse from Plaintiff; and Vested Interest Co. anticipates that, if properly served and joined, Barratt will consent to removal.

[2] It is undisputed that the Plaintiff is a citizen of New York for diversity purposes, (Mot. at 4), and that Defendant MX Technologies, Inc. is a citizen of Delaware and Utah, (*id.* at 2; *accord* MX Technologies, Inc.'s Consent to Notice of Removal (ECF Doc. No. 6) ("Defendant MX Technologies, Inc. is a citizen of Delaware and Utah for diversity purposes.").

149 F. Supp. 3d 480, 483 (S.D.N.Y. 2016) (citing *United Food & Commercial workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quotations and punctuation omitted). The party seeking to invoke federal jurisdiction has the burden of proving that diversity exists. *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1228 (2d Cir. 1991).

For purposes of diversity jurisdiction, "[a] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." 28 U.S.C. . § 1332(c)(1). All parties agree that Vested Interest Co. is incorporated in Delaware. (Mot. at 2.) The only matter in dispute is Vested Interest Co.'s principal place of business. "[T]he phrase 'principal place of business'" under 28 U.S.C. § 1332(c)(1) "refers to the place where the corporation's high level officers direct, control and coordinate the corporation's activities" – in other words, "typically … a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). The principal place of business is a single state. *Bartlett v. Honeywell Int'l, Inc.*, 737 Fed. Appx. 543, 547 (2d Cir. 2018) (citing *Hertz*, 559 U.S. at 93).

### VESTED INTEREST CO.'S PRINCIPAL PLACE OF BUSINESS IS AND HAS BEEN IN UTAH SINCE AUGUST 1, 2018

Vested Interest Co. is a financial technology company that offered educational content to retail investors. (*See* Barratt Decl. ¶¶ 5-6.) It did business under the trade name GoldBean. (*Id.* ¶ 1.) When it launched in 2015, Vested Interest Co.'s office was in New York City. (*Id.* ¶ 8.) But the business failed, and Vested Interest Co. shut down most operations; it stopped offering financial advice and services in or around July 2018. (*Id.* ¶ 9.) It closed the New York City office in July 2018. (*Id.* ¶ 10.) Plaintiff concedes that Vested Interest Co. is a

"defunct shell" that is "no longer taking clients or offering investment advice." (ECF Doc. No. 15 (State Court Complaint) at ¶ 13.)

In August 2018, Vested Interest Co. relocated its only and principal place of business to Alpine, Utah. (*Id.* at ¶¶ 11-12, 25-26.)

Jane Barratt and Peter Zdanowicz – a married couple -- are Vested Interest Co.'s only officers. (*Id.* ¶ 14.) According Ms. Barratt, she and Mr. Zdanowicz direct and control all of the Company's activities from their home in Alpine, Utah. (*Id.* ¶¶ 13, 15.) Alpine, Utah is also the Company's headquarters and registered address. (*Id.*)

Also according to Ms. Barratt, all of the Company's physical and electronic records are located at its Utah headquarters, including the books and records it is required to maintain as a former SEC-registered investment adviser. (*Id.* ¶¶ 11, 13, 19.) Vested Interest Co. has no office, real estate, employees, or assets in New York. (*Id.* ¶ 26.)

The Court need not take Ms. Barratt's word for it: ample documentary evidence supports her declaration. It too compels the conclusion that the Company's principal place of business has been in Utah since well before Plaintiff filed this action in February 2019.

Because it was a SEC-registered investment adviser, Vested Interest Co. was required to make disclosures about the location and custody of books and records containing customer information. In sworn statements made on October 31, 2018, Vested Interest Co. informed the SEC that its principal office was in Alpine, Utah, and that Utah is the location of its books and records. (*See id.* at ¶ 19 & Ex. D.) On that date, the Company withdrew its SEC registration as an investment adviser. (*Id.*)

On or about November 2, 2018, Vested Interest Co. registered to do business in Utah under the name "Vested Interest Utah Co." (*Id.* ¶¶ 20-21.) Vested Interest Co.'s certificate of

authority to conduct business as a foreign corporation – issued by the Utah Department of Commerce on November 2, 2018 – lists the Company's principal office in Alpine, UT. (*Id.* ¶ 20 & Ex. E.)

In 2018, after it relocated to Utah, but well before Plaintiff commenced this action, Vested Interest Co. updated its address with appropriate authorities. Confirmatory documents from the IRS, the USPS, and the Company's bank show its updated business location in Utah. (*Id.* ¶ 16 & Ex. E (IRS); *id.* ¶ 25 & Ex. J (USPS); *id.* ¶ 17 & Ex. B (First Republic Bank).) Also before Plaintiff commenced this action, Vested Interest Co. notified New York, Delaware and Utah tax authorities of its new Utah address. (*Id.* ¶ 18 & Ex. C (NY Tax Certificate); *id.* ¶ 23 & Ex. H (DE Franchise Tax Report); *id.* ¶ 22 & Ex. G (UT Sales Tax License).

Nothing in Plaintiff's motion papers supports a contrary conclusion. Vested Interest Co.'s former New York address appears in the records of the Trademark Office because its office was in New York as of the date it filed an application to register the GOLDBEAN mark (January 15, 2015) and on the date the registration issued (February 21, 2017). (*Cf.* Patton Decl. (ECF Doc. No. 13) ¶ 8 Ex. E.) The Company has since moved to Utah, and the Utah place of business is the relevant one for purposes of determining diversity.

Likewise, the Company's website and Twitter accounts still show GoldBean's old New York address, (*see* Mot. at 4; Patton Decl. Exs. C-D), because those web properties were set up before the Company relocated to Utah, and because no one at the defunct company has updated them since. (Barratt Decl. ¶ 25.) The records of the New York Secretary of State, which listed Vested Interest Co.'s Utah address as the address for service of process, (*see*

Patton Decl. ¶ 5 & Ex. B), have now been corrected so that they reflect that Utah is the Company's "principal executive office," (Barratt Decl. ¶ 24 & Ex. I).

In sum, Utah is the headquarters of Vested Interest Co., where its "officers direct, control and coordinate the corporation's activities," *Hertz*, 559 U.S. at 80. That is the Company's principal place of business.

## CONCLUSION

Removal was proper. Complete diversity exists because defendant Vested Interest Co. is a citizen of Delaware and Utah for diversity purposes; defendant MX Technologies, Inc. is a citizen of Delaware and Utah; and Plaintiff is a citizen of New York. For the reasons stated above and in the papers submitted in opposition to the motion, Vested Interest Co. respectfully requests that the motion be denied.

| | | |
|---|---|---|
| DATED: | April 26, 2019<br>New York, New York | MULLEN P.C.<br><br>_____<br>Wesley M. Mullen (WM1212)<br>Mullen P.C.<br>200 Park Avenue, Suite 1700<br>New York, NY 10166<br>(646) 632-3718<br>wmullen@mullenpc.com |